UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER J. PERRY,<br><br>           Plaintiff,<br><br>    v.<br><br>SALEM HEALTH D/B/A/ SALEM HOSPITAL, JOHN R. HANNIG, M.D., JONATHAN PUGMIRE, M.D., CHRISTOPHER GRAVES, M.D., DARCI JANELL HANSEN, M.D., STACEY MCCARTY, M.D., KIMBERLY DOE, R.N., MANDI DIX, D.N.P., R.N.,<br><br>           Defendants. | CASE NO. 2:24-cv-01055-JNW<br><br>DISMISSAL ORDER |

**INTRODUCTION**

This matter comes before the Court on the following four Motions to Dismiss: (1) Defendant Salem Health's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 8); (2) Defendant Christopher Graves' Motion to Dismiss (Dkt. No. 17); (3) Defendants John Hannig, Darci Hansen, Stacey McCarty, and Amanda Dix's Motion to Dismiss

(Dkt. No. 29); and Defendant Jonathan Pugmire's Motion to Dismiss (Dkt. No. 40.) Having reviewed the Motions, Plaintiff Jennifer J. Perry's oppositions (Dkt. Nos. 14, 21), the replies (Dkt. Nos. 19, 22), and all other supporting materials, the Court GRANTS the Motions IN PART.

## BACKGROUND

On July 6, 2022, Plaintiff, a Washington citizen, unexpectedly went into labor while traveling through Salem, Oregon. (Complaint (Dkt. No. 1) ¶ 8.) On her doctor's advice, she drove to the nearest hospital—Salem Health—where she had an emergency cesarean section. (Id.) Plaintiff and her newborn child were discharged from Salem Health on July 12, 2022, but she returned to the hospital's Emergency Department on July 14 where she unsuccessfully sought medical attention related to the surgical wound. (Id. ¶¶ 19–20.) Plaintiff subsequently left Oregon and returned to Bellingham, Washington, where she received medical treatment related to an infection at the surgical site. (Id. ¶¶ 23–27.) Plaintiff now brings medical malpractice claims against Salem Health and individual doctors and nurses who she alleges attended to her care. (Id. ¶¶ 28–128.)

## ANALYSIS

**A.     Venue**

All Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(3) on the basis that the Western District of Washington is an improper venue to hear Plaintiff's claims. (See Dkt. No. 8 at 10–13; Dkt. No. 17 at 8–11; Dkt. No. 29 at 14–16; Dkt. No. 40 at 5–7.) The Court agrees.

### 1. Rule 12(b)(3) Legal Standard

Plaintiffs in federal court bear the burden to show that venue is proper. <u>Zhang v. DeHart</u>, No. C24-0064-KKE, 2024 WL 3027739, at *2 (W.D. Wash. June 17, 2024) (citing <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979)). "For purposes of a 12(b)(3) motion, the pleadings need not be accepted as true, and the court may consider supplemental written materials and extrinsic facts." <u>Ctr. for Biological Diversity v. Pirzadeh</u>, No. C09-1719-JCC, 2010 WL 11691840, at *1 (W.D. Wash. Apr. 28, 2010) (citing <u>Murphy v. Schneider Nat'l, Inc.</u>, 362 F.3d 1133, 1137 (9th Cir. 2004). "However, if genuine factual issues are contested, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." <u>Id.</u>

### 2. Improper venue

Plaintiff alleges that venue is proper in this district because "a substantial part of the events or omissions giving rise to [her] claims were extended to or continued and discovered within the Western District of Washington." (Compl ¶ 3.) The Court disagrees.

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Court finds that a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in Washington. "Substantiality is measured by considering the nexus between the events and the nature of the claims; that is, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." <u>Lee v. Corr. Corp. of Am.</u>, 252 F. Supp. 2d 1238, 1241 (D.Haw.

1  2007) (cleaned up); see also Myers v. Bennet Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001)

2  (in a tort action, "the locus of the injury [is] a relevant factor" in determining substantiality.)

3  Here, it is clear that the significant events or omissions leading to Plaintiff's medical malpractice

4  claims arose from treatment occurring in Oregon. Plaintiff's cesarean section and subsequent trip

5  to Salem Health's Emergency Department all occurred in Oregon. And while it is material to

6  Plaintiff's claims that she underwent corrective medical treatment when she arrived home in

7  Washington, this does not change the fact that Plaintiff experienced the harms constituting the

8  graveman of her claims while she was travelling outside of the state. Therefore, the Court

9  concludes that venue is improper under 28 U.S.C. 1391(b).

### 3. Dismissal or transfer

When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a). "In determining whether to transfer or dismiss a case, the court may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper." Ctr. for Biological Diversity v. Pirzadeh, No. C09-1719-JCC, 2010 WL 11691840, at *5 (W.D. Wash. Apr. 28, 2010) (quoting Multimin USA, Inc. v. Walco Int'l, Inc., No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *8 (E.D. Cal. Apr. 11, 2006) (citing cases).

The Court finds that the interests of justice favor dismissal rather than transfer. The only factor weighing in favor of transfer is that Plaintiff does not appear to have brought her claim in bad faith. However, as discussed above, Plaintiff's choice of the Washington venue was clearly improper. Nor at any point in her briefing does Plaintiff request or show interest in transferring

DISMISSAL ORDER - 4

her case to the correct venue as an alternative to dismissal. The Court concludes that justice would not be served by transferring Plaintiff's claim to a jurisdiction which she intended to avoid. See Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984). Therefore the Motions are GRANTED and Plaintiff's complaint is DISMISSED. This dismissal includes any claims against the Doe Defendant, who has remained unidentified since this case was first filed. Cf. Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970) ("There is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties.").

Having found that dismissal under Fed. R. Civ. P. 12(b)(3) is appropriate, the Court declines to address the Defendants' remaining arguments in favor of dismissal.

## CONCLUSION

Plaintiff fails show that a substantial part of the events or omissions giving rise to her claim occurred in Washington. The Court does not find it in the interests of justice to transfer the case in lieu of dismissal. Accordingly, the Motion is GRANTED and the Complaint is DISMISSED against all Defendants.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 11, 2025.

Marsha J. Pechman
United States Senior District Judge